# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY J. DENNIS,** | : | No. 1:08-cv-1742 |
| Plaintiff | : | |
| v. | : | |
| **LOWE'S HOME CENTERS, INC.,** | : | J. RAMBO |
| Defendant | : | |

## **M E M O R A N D U M**

Before the court is Defendant, Lowe's Homes Centers, Inc.'s (Lowe's), motion for summary judgment. (Doc. 14.) The issues have been briefed and the motion is ripe for disposition. For the reasons that follow, Defendant's motion will be granted.

**I.     Background**

    **A. Facts**

Plaintiff, Gary J. Dennis, was a shelf stocker who worked the night shift at Lowe's in Harrisburg, Pennsylvania. (Def.'s Statement of Material Facts ("SMF") ¶ 1.)[1] On March 27, 2006, while working at Lowe's, Plaintiff and a co-

---

[1] Plaintiff failed to file a Counter Statement of Material Facts as required under Middle District Local Rule 56.1. As such, all material facts submitted by Defendant will be deemed to be admitted. M.D. Local R. 56.1. Plaintiff has been provided with a copy of the local rules as well as the Standing Practice Order for *pro se* cases, (Doc. 2), and ample time to abide by them. Instead, Plaintiff has submitted a handwritten note, in lieu of an opposition brief, which essentially begs the court to not dismiss the case, and attaches various documents provided to him by Defendant. Although the court appreciates that Plaintiff is *pro se* and possibly not aware of the intricacies of a federal case, it is not the
(continued...)

worker engaged in some sort of physical altercation. (SMF ¶ 3.) The severity of the encounter is disputed, but the fact that a physical altercation of some sort took place during work hours on Defendant's property is not. (SMF ¶¶ 3, 4.) Some individuals described the event as a fight, while others called it horseplay.[2] (SMF ¶¶ 6, 7, 9.) There was surveillance video taken of the event, which apparently shows Plaintiff and another individual grabbing each other and hitting the ground. (SMF ¶ 12.) This video was reviewed by Plaintiff's supervisors, including Keith Kollar, the store manager, and Linda Phillips, the Human Resource Manager. (SMF ¶ 11.) When Plaintiff arrived at work the next day, he spoke with Kollar and Phillips and admitted that he was wrestling with his coworker and they both had fallen to the floor. (SMF ¶ 13.) At this time, Kollar informed Plaintiff that his employment was being terminated. (SMF ¶ 14.) Plaintiff was fired for "participating in a physical altercation with a coworker during his shift." (SMF ¶ 15.) The coworker, Luis Arroyo, was also terminated because of this incident. (SMF ¶ 16.) Lowe's has a strict policy against physical altercations in the workplace, employees are subject to immediate termination for engaging in physical altercations while at work. (SMF ¶ 2.)

---

[1](...continued)
court's role to sift through these documents and unearth various pieces of possibly relevant evidence. Furthermore, a review of the documents quickly reveals that there is no information upon which Plaintiff's case would turn in his favor. As will be discussed, there are no genuine issues of material fact concerning a physical altercation between Plaintiff and a co-worker.

[2] Plaintiff's complaint also alleges he and his co-worker were engaged in "horse-play." (Compl. ¶ 8.)

The next month, Kollar hired the first shelf stockers since Plaintiff and Mr. Arroyo had been fired. (SMF ¶¶ 17, 18, 20.) Four employees were hired, three were African American and one was Hispanic. (SMF ¶ 19.)

Plaintiff, in his deposition testimony and in his complaint, alleges that there were other incidents where non-male and/or non-African American individuals engaged in physical altercations but were not fired. (SMF ¶ 21.) Plaintiff provided no evidence of these incidents besides his testimony which is vague and provides no actual dates or details. Plaintiff also claims that months before he was fired he heard Kollar use the "n word" during a phone conversation but could not provide any context for the use of the word. (SMF ¶ 22; Dep. Tr. Dennis, at 46:18.)

### B. Procedural History

On September 19, 2008, Plaintiff filed this *pro se* complaint. (Doc. 1.) On July 20, 2009, Defendant filed a motion for summary judgment, and on July 22, 2009, a supporting brief. (Docs. 14, 17.) No timely brief in opposition was filed, and, on August 14, 2009, the court issued an order to show cause why the motion should not be deemed unopposed. (Doc. 19.) A response was filed by Plaintiff on August 24, 2009, (Doc. 20), to which Defendant replied on September 8, 2009, (Doc. 21).

### II.    Legal Standard

"In an employment discrimination case, the burden of persuasion on summary judgment remains unalterably with the employer as movant. The employer must persuade [the court] that even if all of the inferences which could reasonably be drawn from the evidentiary materials of record were viewed in the light most

favorable to the plaintiff, no reasonable jury could find in the plaintiff's favor." *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 362 (3d Cir. 2008). Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *accord Saldana v. Kmart Corp.*, 260 F.3d 228, 231-32 (3d Cir. 2001). A factual dispute is "material" if it might affect the outcome of the suit under the applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" only if there is a sufficient evidentiary basis that would allow a reasonable fact-finder to return a verdict for the non-moving party. *Id.* at 248. The court must resolve all doubts as to the existence of a genuine issue of material fact in favor of the non-moving party. *Saldana*, 260 F.3d at 232; *see also Reeder v. Sybron Transition Corp.*, 142 F.R.D. 607, 609 (M.D. Pa. 1992).

Once the moving party has shown that there is an absence of evidence to support the claims of the non-moving party, the non-moving party may not simply sit back and rest on the allegations in its complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Instead, it must "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* (internal quotations omitted); *see also Saldana*, 260 F.3d at 232 (citations omitted). Summary judgment should be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden at trial." *Celotex*, 477 U.S. at 322-23.

4

" 'Such affirmative evidence – regardless of whether it is direct or circumstantial – must amount to more than a scintilla, but may amount to less (in the evaluation of the court) than a preponderance.' " *Saldana*, 260 F.3d at 232 (quoting *Williams v. Borough of West Chester*, 891 F.2d 458, 460-61 (3d Cir. 1989)).

**III.     Discussion**

Plaintiff alleges that Defendant discriminated against him because of his race in violation of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (1994) ("Title VII") and the Pennsylvania Human Relations Act, 43 Pa. Stat. Cons. § 951 ("PHRA"), when he was fired from Lowe's.[3] Defendant counters that Plaintiff has not established a *prima facie* case of race discrimination, and that even if he has, Defendant has come forward with a legitimate, nondiscriminatory reason for letting Plaintiff go, which Plaintiff has failed to establish was pretextual. The court agrees that, even if Plaintiff has met his *prima facie* burden, he has failed to establish that his firing was actually a pretext for discrimination.

A *prima facie* case of discrimination requires the plaintiff to show that: (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action despite being qualified; (4) under circumstances that raise an inference of discriminatory action. *Sarullo v. United*

---

[3] Plaintiff also brings a claim titled "Spoilation of Evidence" wherein he alleges that Defendant destroyed the video recording of the altercation between himself and Mr. Arroyo. Defendant denies destroying the video and has offered to produce it for the court. The court does not find this necessary as there is no private cause of action under the spoilation of evidence doctrine. If Plaintiff could establish that Defendant had control of the video and purposefully withheld or destroyed it than he may be entitled to an appropriate jury instruction, *see Gumbs v. Int'l Harvester, Inc.*, 718 F.2d 88, 96 (3d Cir. 1983), or other mode of relief, but there is no independent cause of action simply for the alleged destruction of the videotape.

5

*States Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003). An example of a circumstance that can raise an inference of discrimination may be found when a similarly-situated employee outside of the protected class is treated differently from the plaintiff. *See Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 602 (M.D. Pa. Oct. 10, 2002).

When a plaintiff can establish a *prima facie* case, the burden then shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the adverse employment action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

If a defendant can meet the relatively light burden of showing a legitimate reason, then the ultimate burden of persuasion returns to the plaintiff. *Fuentes v. Perksie*, 32 F.3d 759, 763 (3d Cir. 1994). To satisfy this burden in opposing summary judgment, a plaintiff must come forward with evidence from which a reasonable jury could conclude, by a preponderance of the evidence, that the employer's proffered reasons were merely a pretext for discrimination. *Sarullo*, 352 F.3d at 797. In order to show pretext, a plaintiff must submit evidence which (1) casts doubt on the legitimate reason offered by the employer such that the fact-finder could reasonably conclude that the proffered reason was a fabrication; or (2) would allow the fact-finder to infer that discrimination was more likely than not the motivating or determinative cause of the employee's termination. *See Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)). Different treatment of a similarly-situated employee outside of the protected class can be demonstrative of pretext. "To discredit the employers proffered reason . . . the plaintiff cannot simply show that the employer's decision was wrong or mistaken, since the factual dispute at issue is whether discriminatory animus motivated the employer, not whether the

6

employer is wise, shrew, prudent or competent." *Id.* at 765. Instead, the plaintiff must show that the employer's proffered reasons are so weak, implausible, and inconsistent "that a reasonable fact finder could rationally find them unworthy of credence." *Id.*

In the present case, even if the court accepts that Plaintiff has established a *prima facie* case of discrimination, he has failed to establish that Defendant's proffered reason for his discharge — namely, his admitted engagement in some sort of physical altercation — was actually a pretext for race discrimination. Plaintiff has admitted that he and Mr. Arroyo engaged in a physical altercation, the only dispute is whether it was an actual fight or merely "horseplay." However, the distinction is immaterial. Lowe's has a strict policy against workplace violence, and physical altercations are included in this policy. (SMF ¶ 2.) Under Defendant's policy, workplace violence is considered a Class A violation for which an employee is subject to immediate termination. (*Id.*) The only issue Plaintiff has raised surrounds the severity of the altercation between him and Mr. Arroyo, but, as discussed above, this issue is immaterial to the disposition of Plaintiff's case. It makes no difference if Plaintiff was engaged in "horseplay" or a fight, either activity violated Defendant's anti-violence policy. *See Macias Soto v. Core-Mark Intern, Co.*, 521 F.3d 831, 842 (8th Cir. 2008) (stating "[i]n determining whether a plaintiff has produced sufficient evidence of pretext, the key question is not whether the stated basis for termination actually occurred, but whether the defendant believed it to have occurred."). Defendant has stated a valid, nondiscriminatory reason for firing Plaintiff. Plaintiff must now establish this reason was a pretext for race discrimination. Plaintiff alleges two ways in which he can demonstrate pretext: 1)

that other similarly situated employees engaged in identical conduct but were not terminated, and 2) that he heard the store manager use the "n word." The court will address each of these in turn.

### A. **Other alleged incidents of employee misconduct**

Plaintiff alleges that there were similar instances of employee misconduct on two prior occasions, but the employees on those instances were not terminated. Plaintiff alleges, without specifying any dates, that about a year before he was terminated two other male employees — one white, one Hispanic — were rough housing in the break room. Plaintiff also claims that on another occasion two female Lowe's employees got in a physical altercation while at a hockey game.[4] Plaintiff claims that Mr. Kollar knew about these instances simply because he was the store manager, but provides no additional evidence of this. (Dennis Tr. at 129:19.) Mr. Kollar claims he was not aware of either of these incidents. (Kollar Dec. ¶ 8.) There is no additional evidence to support these claims. At the summary judgment phase Plaintiff may not simply rely on the allegations in his complaint, but must come forward with some sort of evidence to support his claims. Although the court understands that the Plaintiff is *pro se*, it is also not the court's duty to litigate Plaintiff's claims for him. Plaintiff must cite to *some* evidence in the record to support his claims and cannot "simply sit back and rest on the allegations in its

---

[4] The court notes that this incident is markedly dissimilar from Plaintiff's claim as it did not occur on Defendant's property. Defendant's workplace violence policy refers, in multiple sections, to incidents which occur on Defendant's property. (Doc. 15-5. Human Resource Management Guide, Re: Workplace Violence.)

8

complaint." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). Plaintiff has failed to do so here.[5]

### B. Kollar's alleged use of the "n word"

Although not mentioned in his complaint, Plaintiff in his deposition mentioned that he at one point heard Keith Kollar, the store manager, use the "n word" while on a phone conversation. (Dennis Tr. at 41:10, 42:14.) Plaintiff admits the statement was not directed at him and that he heard nothing preceding or following the use of the word. (Dennis Tr. at 41:1, 44:7, 44:16-21.) Plaintiff claims this incident occurred approximately two to three months[6] before he was fired, but cannot point to a specific date. For his part, Kollar denied making the statement. (Kollar Dec. ¶ 7.) The court finds that even if this bare allegation were accepted as true, it was not in any way directed at Plaintiff and was too remote in time to establish a racial pretext for his termination.

"Stray remarks by non-decisionmakers or by decisionmakers unrelated to the decisionmaking process are rarely given great weight, particularly if they were made temporally remote from the date of decision." *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 357 (3d Cir. 1999) (quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.3d 509, 545 (3d. Cir. 1992)). To establish discriminatory animus, facts must be "proved- based solely on the natural probative force of the evidence." *Keller v. Orix Credit Alliance*, 130 F.3d 1101, 1111 (3d Cir. 1997).

---

[5] The court also notes that this evidence, as presented, would doubtfully be admissible at trial as it appears to be hearsay, if not double hearsay.

[6] When Plaintiff first testified about this incident he said it occurred one or two years prior to his termination. Later he testified that it was two to three months prior. The court will accept as true the shorter time period stated and analyze accordingly.

9

In *Keller*, the plaintiff brought an age discrimination claim against his former employer. 130 F.3d at 1102. The plaintiff's best piece of evidence was that four or five months prior to his termination, while discussing the possibility of hiring more employees, the plaintiff's boss said, "[i]f you are getting too old for the job, maybe you should hire one or two young bankers." *Id.* at 1111.

The *Keller* court agreed with the plaintiff that this was a compelling piece of evidence, but held that it was not sufficient to establish discriminatory animus. *Id.* at 1112. The court based this on the fact that the statement was made four or five months before the plaintiff's termination and the remark did not pertain to whether the plaintiff himself would be retained or fired. *Id.*

In this case, the alleged use of the "n-word" was made somewhat closer in time to Plaintiff's termination. However, it clearly had nothing to do with whether or not Plaintiff would be fired. Plaintiff admits that the statement was in no way directed at him, and that he knew nothing of the context. One stray remark, months (possibly years) before Plaintiff was fired, not directed at Plaintiff, with no context, is insufficient to establish that the reason Plaintiff was terminated was a pretext for race discrimination.

### IV.    Conclusion

Even accepting that Plaintiff has stated a valid *prima facie* case of discrimination, Defendant has presented a legitimate nondiscriminatory reason for Plaintiff's termination which Plaintiff has failed to establish was a pretext for discrimination. As stated above, it does not matter whether or not Defendant's decision was "wrong or mistaken," but rather "whether discriminatory animus

motivated" the decision to terminate Plaintiff. *See Fuentes*, 32 F.3d at 764. There is simply no evidence on the record to establish that Lowe's was so motivated. Both Plaintiff and Mr. Arroyo were terminated due to this incident. Of the next group of shelf stockers to be hired by Mr. Kollar, the individual who fired Plaintiff, three were African-American and one was Hispanic. Plaintiff cites to no evidence in the record to support his conclusion that racial animus played any role in this decisions; instead, he merely implores the court "to go forward" with the case to trial. (Pl.'s Opp. Br., Doc. 20.) This is insufficient, and Defendant's motion for summary judgment will be granted. Furthermore, there is no independent cause of action for the spoilation of evidence, therefore, Defendant's motion on this issue is also granted. An appropriate order to follow.

                                                  s/Sylvia H. Rambo
                                              United States District Judge

Dated: January 11, 2010.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GARY J. DENNIS, | : | No. 1:08-cv-1742 |
| Plaintiff | : | |
| v. | : | |
| LOWE'S HOME CENTERS, INC., | : | J. RAMBO |
| Defendant | : | |

## O R D E R

In accordance with the accompanying memorandum of law, **IT IS HEREBY ORDERED THAT** Defendant's motion for summary judgment (Doc. 14) is **GRANTED**. The clerk of court is directed to enter judgment for Defendant against Plaintiff and to close the case.

s/Sylvia H. Rambo
United States District Judge

Dated: January 11, 2010.